Petitioner-appellant, Phillip Davis, appeals a Clinton County Court of Common Pleas, Juvenile Division, decision that reimposed a suspended commitment to the Ohio Department of Youth Services. We affirm.
On April 10, 1996, appellant was charged as a delinquent for theft of a motor vehicle in violation of R.C. 2913.02. On July 8, 1996, appellant admitted delinquency with regard to an underlying charge of unauthorized use of a motor vehicle in violation of R.C. 2913.03. The juvenile court found appellant to be a delinquent child and sentenced appellant to six months of commitment to the Department of Youth Services, not to exceed his twenty-first birthday. The juvenile court suspended the sentence and placed appellant on probation.
On September 24, 1997, appellant was again charged as a delinquent with underlying charges of burglary, in violation of R.C.2911.12(A)(3), theft, in violation of R.C. 2913.02, and five counts of probation violations. On September 30, 1997, appellant, unrepresented by counsel, appeared before the juvenile court for arraignment on the foregoing delinquency allegations. The trial judge entered a denial to the allegations on appellant's behalf, and advised appellant that an adjudication of "true" on these or any other offenses could result in the revocation of his probation. In addition, the trial judge appointed counsel to represent appellant, and set a pretrial date for October 6, 1997. On October 6, 1997, the pretrial was postponed until October 10, 1997.
On October 10, 1997, the pretrial was held. At that time, appellant was again charged as a delinquent for underlying charges of aggravated robbery, in violation of R.C.2911.01(A)(3), robbery, in violation of R.C. 2911.02(A)(2), felonious assault, in violation of R.C. 2903.11(A)(1), and assault, in violation of R.C. 2903.13(A). Appellant, represented by counsel, entered a plea admitting to delinquency charges of committing the underlying offenses of burglary, robbery, and aggravated robbery. Pursuant to a plea agreement, the juvenile court dismissed the five probation violations, as well as the theft, assault, and felonious assault allegations.
On October 10, 1997, the juvenile court accepted the plea and found appellant to be a delinquent child. The juvenile court proceeded to the disposition hearing and sentenced appellant to an indefinite term of commitment to the Department of Youth Services of not less than six months for the burglary allegation, an indefinite term of not less than one year for the aggravated robbery allegation, an indefinite term of not less than one year for the robbery allegation, and reimposed the suspended sentence of not less than six months relating to the motor vehicle theft. None of the sentences were to exceed appellant's twenty-first birthday.
Appellant timely filed this appeal and raised two assignments of error. The first assignment was voluntarily withdrawn; the remaining assignment of error is as follows:
 THE TRIAL COURT ERRED, AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS WHEN IT REIMPOSED ITS PREVIOUSLY SUSPENDED SENTENCE IN CASE NO. 96200215 WITHOUT PRIOR NOTICE TO APPELLANT OR ANY OPPORTUNITY TO BE HEARD.
Appellant argues that he was denied a hearing and notice as to the reimposition of his previous commitment. As a result, appellant argues that his due process rights were violated. We disagree.
The United States Supreme Court has held that certain basic constitutional protections enjoyed by adults accused of crimes do apply to juveniles. In re Gault (1967), 387 ___ U.S. ___ 1, 35-42,87 S.Ct. 1428, 1447-51 (holding that juveniles have the right to counsel). However, a juvenile proceeding is fundamentally different from an adult criminal trial since the state has a parens patriae interest in the welfare of the child. Santosky v. Kramer (1982), 455 ___ U.S. ___ 745, 766, 102 S.Ct. 1388, 1401. The rights granted to a juvenile are qualified since "juveniles unlike adults are always in some form of custody." Schall v. Martin (1984), 467 ___ U.S. ___ 253, 264-65, 104 S.Ct. 2403, 2410.
However, the United States Supreme Court has held that juveniles are protected by the Due Process Clause and has set out due process requirements. Id. at 268, 104 S.Ct. at 2412. Since all situations do not call for the same level of due process, a judge must consider all the relevant factors when he determines the level of process that is due. Morrissey v. Brewer (1972), 408 ___ U.S. ___ 471, 480, 92 S.Ct. 2593, 2600.
Juv.R. 35(B) acknowledges a juvenile's due process rights and states in relevant part:
 The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified.
Juv.R. 35(B) states that the juvenile must be advised of the grounds for which his probation may be revoked. It does not imply that a represented juvenile must be informed that if probation is violated, the previous commitment could be reimposed. In re John Collins (Sept. 27, 1995), Medina App. No. 2364-M, unreported. Cf. In re Clarence Bennett (June 12, 1997), Cuyahoga App. No. 9415962, unreported (holding that the only right specifically afforded to a juvenile under Juv.R. 35[B] is the right to counsel).
Upon review of the record, we are of the opinion that the juvenile court complied with Juv.R. 35(B). On September 30, 1997, the juvenile court specifically and directly instructed appellant, who was unrepresented, about the consequences of the allegations he faced as follows:
 THE COURT: Okay. At this point, Phillip, we're here for two purposes today. We're here for an initial appearance on two complaints that have been filed, and we're also here as I understand you're in detention, you're in custody, we're here for a detention hearing, so that will be the second thing that we'll do. First, though, I want to deal with these complaints in an initial appearance. Phillip, there's a complaint which has been filed alleging five counts of probation violations occurring various times between September 5th and September 22nd of this year. Are you familiar with that complaint?
MR. PHILLIP DAVIS: Uh-huh. I read them.
 THE COURT: Pardon? And you've been served with a copy of it, and you're fam — and I'm not asking you whether they're true or not. I'm asking you just whether or not you're familiar with them, you know about them?
MR. PHILLIP DAVIS: Yes.
THE COURT: Okay. And your mother, also?
MS. DAVIS: Yes.
* * *
 THE COURT: So we all know why we're here on that, as well. Phillip, the possible dispositions, that is, the things that could result if the Court finds that the complaints are true or if you admit that they're true, with regard to — are there previously suspended commitments to the Department of Youth Services?
MR. BRADLEY [prosecutor]: Yes, sir.
 THE COURT: Alright. Phillip, the biggest thing at stake here that would seem most severe consequence, you could be ordered committed to the custody of the Department of Youth Services for institutionalization. Now, for the offense that's alleged in this complaint in Count One that would be for an indefinite term not less than six months nor passed [sic] your 21st birthday; however, even on an adjudication for any of these other offenses, any previously suspended commitment could be invoked. So understand that the Department of Youth Services is a possible disposition. Other dispositions could include a commitment to detention for a period of time, could include house arrest, community service, any number of things the Court might think appropriate under the circumstances. I mention these to you in part because you do have certain legal rights, one of which is to be represented by an attorney. If you qualify for the Public Defender, the Public Defender would be appointed to represent you at no cost. Do you want an attorney to represent you in this case?
MR. PHILLIP DAVIS: Yeah.
 THE COURT: Alright. I'll order then that the Public Defender be appointed to represent you if you qualify so there will be counsel appoint to represent you[.]
It is evident from the foregoing dialogue that appellant was notified of the grounds for which his probation could be revoked as well as his right to an attorney.
At the October 10, 1997 pretrial, appellant, represented by counsel, was charged with new allegations of delinquency with the underlying charges of robbery, aggravated robbery, assault and felonious assault. At that appearance, appellant admitted to the delinquency allegations with the underlying charges of burglary, robbery, and aggravated robbery. Before appellant's admission was accepted, the juvenile court directly addressed appellant as to whether he voluntarily and knowingly entered his admission as to the charged offenses. Appellant answered affirmatively. After the plea was accepted, the court proceeded to the disposition hearing and sentenced appellant, reimposing the suspended commitment.
Once appellant entered his admission, the juvenile court was not required to remind him that his probation could be revoked as a result of his admission. In re John Collins (Sept. 27, 1995), Medina App. No. 2364-M, unreported, at 6. In addition, appellant was represented by counsel when he made his admission to the juvenile court. Therefore, appellant's right to counsel under Juv.R. 35(B)has been satisfied.[1]
Appellant also asserts that he is entitled to a separate hearing before his probation can be revoked. However, Juv.R. 35(B) only requires the juvenile court to advise the juvenile of the grounds for which probation will be revoked at a hearing. Juv.R. 35(B) does not require the juvenile court to hold a separate hearing to determine whether the minor has violated his probation. In the Matter of John Hall (Apr. 1, 1991), Preble App. No. CA90-11-021, unreported (refusing to accept that Juv.R. 35[B] requires the same procedures as used in adult probation revocation hearings). Nor does it require the court to hold a full-scale adjudicatory hearing. See, e.g., id. (holding that the word "hearing" as used in Juv.R. 35[B] does not mean a full evidentiary hearing).
On September 30, 1997, appellant appeared before the juvenile court for an initial appearance on delinquency charges. Juv.R. 2(O) defines a hearing as "any portion of a juvenile court proceeding before the court, whether summary in nature or by examination of a witness." The initial appearance held on September 30, 1997 satisfies the definition of a "hearing."
On September 30, 1997, the juvenile court did advise appellant of the consequences of the new allegations, and on October 10, 1997, the juvenile court revoked appellant's probation. Once the juvenile court so advised appellant at the September 30 hearing, the juvenile court complied with the requirements of Juv.R. 35(B).
From the foregoing facts, it is evident that the juvenile court complied with due process and Juv.R. 35(B) notice requirements when it informed appellant of the possible reimposition of the suspended commitment. See In the Matter of Cottrill (June 25, 1998), Ross App. No. 97CA2355, unreported, at 3, (discussion of probation revocation in connection with new charges constitutes sufficient notice). Since appellant received adequate notice, his due process rights were not violated. The second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] Further, it is reasonable to infer that appellant's attorney would have told him that his admission could result in revocation of his probation.